**Joyce Ann BURTON, Administratrix of the Estate of Paul S. Burton, Deceased, Plaintiff,**

v.

**JOHNS–MANVILLE CORPORATION, et al., Defendants.**

**Civ. A. No. 81–1934.**

United States District Court, W.D. Pennsylvania.

June 10, 1985.

92

Robert Jennings, Henderson & Goldberg, Pittsburgh, Pa., for plaintiff.

Kenneth S. Robb, Doherty & Robb, Pittsburgh, Pa., for Auto Friction Corp.

## MEMORANDUM OPINION

DIAMOND, District Judge.

Plaintiff commenced this diversity action on October 29, 1981, against the defendant Auto Friction Corporation and others under the Pennsylvania Wrongful Death and Survival Acts to recover damages for the death of her husband from his exposure to asbestos dust and fibers emitted, *inter alia*, by brake linings sold to decedent's employer by the defendant Auto Friction Corporation.

A jury awarded damages of $292,509 against Auto Friction on May 10, 1985, and it then filed a motion for judgment N.O.V. or in the alternative for a new trial, which, along with plaintiff's motion for inclusion of delay damages, are presently before the court. For the following reasons, the defendant's motions will be denied and the plaintiff's motions granted.

### Defendant's Motions for N.O.V. or New Trial

The only point in support of either of defendant's motions which requires discussion is point 4 in support of its motion for judgment N.O.V.

Defendant contends in point 4 that: "The plaintiff failed to produce competent testimony to establish that the Decedent's possible exposure to defendant's products was a substantial factor in bringing about Decedent's injuries and death."

The two main principles applicable to our consideration of defendant's motion for judgment N.O.V. are: (1) the court must view the evidence in the light most favorable to the party who secured the jury verdict, and (2) a jury verdict may not stand if it is based on mere speculation. *Eastern Associated Coal v. Aetna Cas. & Sur. Co.*, 632 F.2d 1068, 1074 (3d Cir.1980), *cert. denied*, 451 U.S. 986, 101 S.Ct. 2320, 68 L.Ed.2d 843 (1981).

At trial the plaintiff introduced evidence, viewed in the light most favorable to the plaintiff, that for a period of approximately 10 years while working for the Beck-Arnley Company in Pittsburgh, Pennsylvania,

plaintiff's decedent was subjected to a substantial exposure to asbestos dust and fibers from old brake linings, which were the products of manufacturers whose identity plaintiff did not attempt to establish at trial, and also from new brake linings, approximately 98% of which were supplied to decedent's employer by the defendant Auto Friction Corporation, and that the decedent died of adenocarcinoma of the lung of which his exposure to asbestos at Beck-Arnley was a major cause.

Specifically, plaintiff produced David Keith Parkinson, M.D. who first testified that, based on his examination of the medical records of the decedent (plaintiff's exhibits 1–6) it was his opinion that the decedent died of adenocarcinoma of the right lung. (Tr. 14–16).[1] In addition, a death certificate, plaintiff's exhibit 6, introduced under Rule 803(9) Fed.R.Evid. over defendant's objection, listed adenocarcinoma of the lung as the cause of decedent's death,[2] and decedent's hospital record, plaintiff's exhibits 1–5 *supra,* introduced without objection, provided independent evidence that plaintiff had, and was being treated for, adenocarcinoma of the lung.

Next, in response to a hypothetical question, Dr. Parkinson testified that in his opinion to a reasonable degree of medical certainty decedent was subjected to a substantial exposure to asbestos dust during his employment at Beck-Arnley, (Tr. 18–22) and that the grinding operation in the plant (*i.e.,* grinding of new brake linings 98% of which were supplied by defendant Auto Friction) made a significant contribution to decedent's exposure there to asbestos dust. (Tr. 24).[3]

Finally, the doctor was asked this question:

Doctor, on the basis of the facts that I have given you in the hypothetical, hypotheticals, since I've given you several facts at various times, on the basis of assuming those facts in evidence, as well as your knowledge and experience involving brake lining type activities, as well as your knowledge and experience with asbestos related disease questions, do you have an opinion to a reasonable degree of medical certainty as to whether Mr. Burton's exposure to asbestos at the Beck/Arnley plant played any role in the development of his adenocarcinoma of the lung?

(Tr. 26–27).

To which he gave this answer: "I believe it played a significant, major role in the induction of his adenocarcinoma." (Tr. 27).

1. Transcript references are to a partial transcript consisting only of the testimony of Dr. Parkinson and a trial motion by defendant Auto Friction to strike that testimony. No other transcript was available to the court, therefore, all other references to the evidence at trial are from the court's notes.

2. In its motion for new trial, defendant contends that the court erred in admitting the death certificate. The defendant did not challenge admissibility of the death certificate on authenticity grounds, instead defendant objected to it on the grounds as stated in ¶ 13 of its motion that the death certificate was inadmissible in the absence of "testimony from the physician who signed the death certificate, *or* evidence that *said* doctor was a treating or attending physician." (emphasis supplied). In our view that objection went to weight, not admissibility, and it was overruled, since: (1) even though not challenged on this ground, the document was self-authenticating under Rule 902(2), Fed.R. Evid., (2) it was a record filed as required by Pennsylvania law, 35 P.S. § 450.501, and (3)

under Pennsylvania law it was *prima facie* evidence of its contents. 35 P.S. § 450.810.

In any event, no harm to defendant resulted (*see* Rule 103(a) Fed.R.Evid.) since Dr. Parkinson testified that he reviewed the decedent's work history and all of his medical records and concluded therefrom that decedent died from adenocarcinoma of the right lung caused by his exposure to asbestos dust and fibers. The medical records consisted, *inter alia,* of decedent's hospital records which reported his diagnosis and treatment. As noted in the text, *supra,* these were admitted without objection by defendant. It is fair to say that those records and the certificate of death are the "type reasonably relied upon by experts in [Dr. Parkinson's] particular field in forming opinions or inferences upon the subject [as to which he testified]." Therefore, they did not have to be admissible in evidence as a prerequisite to their use by the witness. Rule 703 Fed.R.Evid.

3. The parties stipulated at trial that defendant's brake linings were composed of 50% asbestos.

On cross-examination, however, Dr. Parkinson testified that he could not offer an opinion as to how much the exposure to asbestos from grinding of new brake linings (*i.e.,* defendant's products) contributed to plaintiff's lung cancer. At Tr. 72 counsel for defendant asked Dr. Parkinson on cross-examination, "... I'm concerned solely with his exposure to any possible asbestos fibers that came from the grinding of the new brake lining."

The Doctor answered:

A   I cannot tell you how much that contributed to the induction of his lung cancer.

Q   If at all?

A   Well, if at all, but I suspect it did because there was asbestos there coming from that operation.

Defendant argues from this that plaintiff's evidence was fatally deficient because, since her expert was unable to opine on cross-examination that defendant's product was a substantial cause of decedent's lung cancer and death, there was no evidence from which the jury properly could find the necessary causal relationship between defendant's defective product and decedent's disease and death. We disagree.

■  The law does not require that *each* of concurring contributing causes *itself* be sufficient to bring about the harm of which plaintiff complains. It is sufficient that *all* concurring causes be a substantial factor in bringing about that harm. Here, Dr. Parkinson testified that decedent's exposure to asbestos fibers at Beck-Arnley was a significant or major factor in causing the adenocarcinoma of the lung from which the decedent died and that asbestos from new brake linings sold to Beck-Arnley by the defendant Auto Friction constituted a significant portion of the asbestos dust and fibers to which decedent was exposed. That evidence was a sufficient basis for the jury to conclude under the instructions of the court on the law as it pertains to legal cause that defendant's defective product was a substantial contributing cause of decedent's disease and death. It was not necessary that plaintiff prove through expert opinion or otherwise that *defendant's* asbestos dust and fibers *independent* of other asbestos dust and fibers were a substantial contributing cause of the decedent's disease and death. Of course the doctor could not testify as to how much any particular asbestos product, among many, contributed to decedent's disease and death, but he could, and did, testify that asbestos was the cause and that defendant's product contributed *substantial* asbestos dust and fibers to decedent's environment. That was enough. Indeed, whether he realized it or not, the net effect of Dr. Parkinson's testimony on direct was that the asbestos emitted by defendant Auto Friction's product was a substantial factor in bringing about decedent's disease and death.

The law in that regard was set forth in the following charge approved by the Pennsylvania Supreme Court in *Menarde v. Philadelphia Transp. Co.,* 376 Pa. 497, at 503, 103 A.2d 681, 685 (1954): [4]

Plaintiff is entitled to recover for all the injuries caused by defendant's negligence. This question of causation of the particular injuries complained of is for you, the Jury, to determine from the evidence before you. For the defendant to be liable for plaintiff's injuries, you need not find that defendant's negligence was the sole cause of such injuries. A wrongful act may be the legal cause of damage though other causes may have joined in producing the final result. It is sufficient if you find that defendant's conduct, or negligence, was a substantial factor in bringing about the injury complained of. that is, if you determine that defendant's negligence was either the sole cause of a *substantial contributing* cause of the injury, plaintiff is entitled to recover. The fact that some other factor may have been a contributing causes

**4.**  In this diversity action, decedent's exposure to defendant's products and his disease and death all occurred in Pennsylvania, and no party questions that Pennsylvania law applies.

with the negligence of the defendant does not relieve the defendant from liability unless defendant shows that such other cause would have produced the injury complained of independently of his negligence. And, even though concurrent causes may have contributed to plaintiff's injury, if defendant's negligence was a *substantial factor in producing the result, in contributing to the injury*, defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other cause or causes. (emphasis supplied).

*See also* and *cf. Hamil v. Bashline*, 481 Pa. 256, 264–69, 392 A.2d 1280, 1284–86 (1978).

Dr. Parkinson's testimony on direct examination was sufficient, and if there was a contradiction or an inconsistency in his testimony on direct and cross, that was for the jury to consider in weighing that testimony. In doing so they could reconcile it, accept it in whole or part, or reject it in whole or part. They obviously chose to accept it, and that was their prerogative.

To summarize, plaintiff's expert testified (1) that decedent died of adenocarcinoma of the right lung, (2) that this disease was caused by decedent's exposure to asbestos dust and fibers at Beck-Arnley and elsewhere, and (3) that defendant Auto Friction's products contributed a substantial portion of the asbestos dust and fibers at Beck-Arnley. From that testimony the jury could infer, and not merely speculate, that defendant's products were a substantial contributing cause of decedent's disease and resultant death.

An order will follow denying the defendant's motion for judgment N.O.V. or in the alternative for a new trial.

*Plaintiff's Motion for Delay Damages*

Rule 238 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 238, 42 Pa. C.S.A., provides in its pertinent part that under certain conditions, which have been met in this case:

(a) ... in an action seeking monetary relief for bodily injury, death or property damage ... the court ... shall

(1) add to the amount of compensatory damages in the ... verdict of a jury ... damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... verdict or decision;

(2) compute the damage for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the ... verdict....

Rule 238 must be applied in a diversity action brought in a federal district court in Pennsylvania. *Jarvis v. Johnson*, 668 F.2d 740 (3d Cir.1982). Therefore, plaintiff's motion will be granted.

Decedent died on May 22, 1980, and the complaint was filed on October 29, 1981. Thus, the beginning date for the computation of delay damages under Rule 238(a)(2) is October 29, 1981. The jury returned its verdict awarding compensatory damages of $292,509 on May 10, 1985. The total time from complaint to verdict is three years and 222 days. Plaintiff is therefore entitled to delay damages of $105,546. (10% × $292,509 = $29,250.90 × 3 = $87,752.70 + $17,793.30 (10% ÷ 365 = .000274 × $292,-509 = 80.15 × 222 = $17,793.30) = $105,-546).

Accordingly, an order will follow entering judgment as of May 10, 1985, in favor of the plaintiff and against the defendant Auto Friction Corporation in the amount of $398,055.

ORDER OF COURT

AND NOW, this 10th day of June, 1985, for the reasons stated in the memorandum opinion filed this date in the above-captioned case, IT IS ORDERED that the motion of defendant Auto Friction Corporation for judgment N.O.V., or in the alternative, for a new trial be, and the same hereby is, denied; and,

IT IS FURTHER ORDERED that plaintiff's motion for inclusion of delay damages

be, and the same hereby is, granted, and that judgment be, and the same hereby, is entered in favor of the plaintiff against the defendant in the amount of $398,055.